IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| MIKE BOULTER, BOULTER, LLC, ) <br> RALPH NIX PRODUCE, INC., and ) <br> BARCLAY FARMS, LLC, ) <br> ) <br> on behalf of themselves and classes of ) <br> similarly situated persons, ) <br> ) <br>  Plaintiffs, ) <br> v. ) <br> ) <br> NOBLE ENERGY, INC., and KERR- ) <br> MCGEE OIL & GAS ONSHORE, LP, ) <br> ) <br>  Defendants. ) | Civil Action No.: _____ |

## CLASS ACTION COMPLAINT

Plaintiffs Mike Boulter, Boulter LLC, Ralph Nix Produce, Inc., and Barclay Farms LLC (collectively, "Plaintiffs"), on behalf of themselves and the classes defined below, for their class action complaint against Defendants Noble Energy, Inc. ("Noble") and Kerr-McGee Oil & Gas Onshore, LP ("Kerr-McGee"), allege:

## INTRODUCTION

1.      On April 10, 2020, Plaintiffs filed their first amended complaint against Noble and Kerr-McGee in the United States District Court for the District of Colorado which contained allegations substantially identical to the claims alleged in this class action complaint. (D. Colo. Case No. 1:20-CV-00861-WJM-KLM, ECF No. 7). On May 29, 2020, both Defendants, Noble and Kerr-McGee filed separate motions to dismiss the April 10, 2020 complaint citing lack of this Court's subject matter jurisdiction. (D. Colo. Case No. 1:20-CV-00861-WJM-KLM, ECF Nos. 23 and 24).

2.     On February 17, 2021, this Court granted Noble's and Kerr-McGee's motions to Dismiss, and dismissed the April 10, 2020 complaint without prejudice. (D. Colo. Case No. 1:20-CV-00861-WJM-KLM, ECF No. 58). In its February 17, 2021 order, this Court determined that the Plaintiffs were required to file an application with the Colorado Oil and Gas Conservation Commission (the "COGCC") to allow the COGCC to determine if a bona fide contractual dispute exists between the Plaintiffs and Defendants, Noble and Kerr-McGee pursuant to Colorado's Oil and Gas Conservation Action. C.R.S. § 34-60-118.5.

3.     The Plaintiffs file this class action complaint to preemptively address any statute of limitation defense Noble or Kerr-McGee may raise in the future. Because Defendants Noble and Kerr-McGee have been underpaying royalties owed to Plaintiffs for over six years and because filing an application with an administrative agency may not toll the applicable statute of limitations, the Plaintiffs are refiling this action out of an abundance of caution to preserve all of their claims against Noble and Kerr-McGee consistent with C.R.S. § 13-80-111.

## CLASS DEFINITION

4.     Plaintiffs, pursuant to Fed. R. Civ. P. 23(b)(3), bring this action on behalf of themselves and the Class and Subclasses, consisting of:

## NOBLE CLASS

5.     Plaintiffs Mike Boulter and Boulter LLC bring this action on behalf of themselves and the Class ("Noble Class") defined as follows:

> All persons to whom Noble has paid royalties on oil produced from wells located in the State of Colorado since April 1, 2014, pursuant to leases or overriding royalty agreements which require Noble to "…deliver to the credit of the lessor, free of cost, in the pipe line to which the lessee may connect his wells, the equal [a specified percentage] part of all oil produced and saved from the leased premises, as royalty or, at lessee's election [or option], to pay the lessor for such royalty market price prevailing the day the oil is run into the pipe line, or in storage tanks."

2

The Noble Class excludes: (a) the United States; and (b) Noble and its affiliated entities, and their respective employees, officers, and directors.

## KERR-MCGEE SUBCLASS I

6.      Plaintiffs Mike Boulter and Ralph Nix Produce, Inc. bring this action on behalf of

themselves and the Subclass ("Kerr-McGee Subclass I") defined as follows:

> All persons to whom Kerr-McGee has paid royalties on oil produced from wells located in the State of Colorado since April 1, 2014, pursuant to leases or overriding royalty agreements which require Kerr-McGee to "…deliver to the credit of lessor, free of cost, in the pipe line to which lessee may connect [his] wells on said land, the equal [a specified percentage] part of all oil produced and saved from the leased premises."

> The Kerr-McGee Subclass I excludes: (a) the United States; and (b) Kerr-McGee and its affiliated entities, and their respective employees, officers, and directors.

## KERR-MCGEE SUBCLASS II

7.      Plaintiff Barclay Farms, LLC brings this action on behalf of itself and the Subclass

("Kerr-McGee Subclass II") defined as follows:

> All persons to whom Kerr-McGee has paid royalties on oil produced from wells located in the State of Colorado since April 1, 2014, pursuant to leases or overriding royalty agreements which require Kerr-McGee to "…deliver to the lessor as royalty, free of cost, on the lease, or into the pipeline to which lessee may connect its wells the equal [a specified percentage] part of all oil produced and saved from the leased premises, or at lessee's option [or election] may pay to the lessor for such [a specified percentage] royalty the market price for oil of like grade and gravity prevailing on the day such oil is run into the pipe line or into storage tanks."

> The Kerr-McGee Subclass II excludes: (a) the United States; and (b) Kerr-McGee and its affiliated entities, and their respective employees, officers, and directors.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this action pursuant to the Class

Action Fairness Act, 28 U.S.C. § 1332(d), because: (a) Plaintiffs have brought this case as a class

action; (b) each Class and Subclass contains at least one Class member who is a citizen of a state different from the states where the Defendants are deemed to be citizens; and (c) the amount in controversy for the claims of the proposed Class and Subclass members against each Defendant exceeds the sum of $5,000,000, exclusive of interest and costs.

9.      This Court has personal jurisdiction over both Defendants because a substantial portion of the acts and conduct of each Defendant giving rise to the claims asserted in this class action occurred in the State of Colorado, and the oil production at issue has been produced by each Defendant in the State of Colorado.

10.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, because both Defendants transact business within this judicial district and a substantial part of the Defendants' conduct giving rise to the claims alleged in this class action occurred in this judicial district.

## PARTIES

11.     Plaintiff Mike Boulter is a citizen of the State of Colorado, who resides in Greeley, Colorado.

12.     Plaintiff Ralph Nix Produce, Inc. is a corporation incorporated under the laws of the State of Colorado, and its principal place of business is located in the State of Colorado.

13.     Plaintiff Boulter LLC is a Colorado limited liability company, with its principal place of business located in the State of Kansas.

14.     Plaintiff Barclay Farms LLC is a Colorado limited liability company, with its principal place of business located in the State of Colorado.

15.     Defendant Noble is a corporation incorporated under the laws of the State of Delaware, with its principal place of business located in the State of Texas.

4

16.     Defendant Kerr-McGee is a limited partnership organized under the laws of the State of Delaware, with its principal place of business located in the State of Texas.

## NOBLE CLASS FACTUAL ALLEGATIONS

17.     On May 23, 1980, Frank L. Boulter, as lessor, entered into an oil and gas lease with Energy Oil Inc., as lessee, pertaining to premises located in Weld County, Colorado ("the May 23, 1980 Lease").

18.     On January 23, 1981, Frank Boulter, as lessor, entered into an oil and gas lease with Energy Oil, Inc., as lessee, pertaining to premises located in the Weld County, Colorado ("January 23, 1981 Lease").

19.     On September 1, 1981, Frank Boulter and William Boulter (Trustee), as lessors, entered into an oil and gas lease with Energy Oil Inc., as lessee, pertaining to premises located in Weld County, Colorado ("September 1, 1981 Lease").

20.     Prior to April 1, 2014, all or a part of the lessors' interests under the May 23, 1980 Lease, the January 23, 1981 Lease, and the September 1, 1981 Lease were assigned to Plaintiff Boulter LLC. In addition, prior to April 1, 2014, a portion of the lessors' interests under the September 1, 1981 Lease was assigned to Plaintiff Mike Boulter. Prior to April 1, 2014, the lessee's interests under each of these three leases were acquired by Noble.

21.     The May 23, 1980 Lease, the January 23, 1981 Lease and the September 1, 1981 Lease each have an identical oil royalty provision under which Noble is obligated as follows:

> To deliver to the credit of the lessor, free of cost, in the pipe line to which the lessee may connect his wells, the equal [a specified percentage] part of all oil produced and saved from the leased premises, as royalty or, at lessee's election, to pay the lessor for such royalty the market price prevailing the day the oil is run into the pipe line, or in storage tanks.

22.     Since April 1, 2014, Noble, in its calculation of royalties paid to Plaintiffs Mike Boulter and Boulter LLC on oil sales subject to the May 23, 1980 Lease, the January 23, 1981 Lease and the September 1, 1981 Lease, has consistently deducted from the market price of the oil, various costs related to transporting the oil from the well to a transportation pipeline, tariff costs within the transportation pipeline, and various self-described "other costs" related to transporting the oil to a delivery point where the oil has been sold to third parties for a market price.

23.     The costs which Noble improperly deducted from the market price of the oil include, but are not limited to, costs which Noble itself describes as unloading charges and DJ Basin gathering charges. In addition, Noble improperly deducted from the market price of the oil a self-described Wattenberg pipeline tariff charge.

24.     Noble's deduction of the above-referenced costs in its calculation and payment of royalties paid to Plaintiffs Mike Boulter and Boulter LLC on oil sales is not permitted under the Noble Class oil royalty provision referenced in the preceding paragraphs of this class action complaint, and Noble has materially breached its contractual obligations to Plaintiffs Mike Boulter and Boulter LLC under the May 23, 1980 Lease, the January 23, 1981 Lease and the September 1, 1981 Lease by taking such deductions in Noble's calculation and payment of royalties to Plaintiffs Mike Boulter and Boulter LLC.

25.     Plaintiffs Mike Boulter and Boulter LLC have sustained substantial damages as a result of Noble's breach of its contractual obligations to Plaintiffs Mike Boulter and Boulter LLC under the May 23, 1980 Lease, the January 23, 1981 Lease and the September 1, 1981 Lease.

26.     In addition to Plaintiffs Mike Boulter and Boulter LLC, there are numerous members of the proposed Class who have had the contractual right to be paid royalties under

Leases or overriding royalty agreements which contain or are subject to an oil royalty provision which is substantially identical to the oil royalty provisions set forth in the Noble Class Definition in Paragraph 1 of this class action complaint.

27.     Noble, in its calculation and payment of royalties on oil sales to the members of the Noble Class, has engaged in the same method of royalty accounting which it utilizes to pay royalties to Plaintiffs Mike Boulter and Boulter LLC, in that Noble has, in its calculation and payment of royalties, deducted from the market price of the oil the various costs referenced in the preceding paragraphs of this class action complaint.

28.     Noble, in deducting the above-referenced costs in its calculation of royalties paid to the Noble Class members on oil sales, has materially breached its contractual obligations to the members of the Noble Class under the leases and overriding royalty agreements described in the Noble Class definition in Paragraph 5 of this class action complaint.

29.     As a direct result of Noble's breach of its contractual obligations to the members of the Noble Class, the royalties owed to the Noble Class members have been substantially underpaid, and the Noble Class members have sustained substantial damages.

**NOBLE CLASS CLASS ACTION ALLEGATIONS**

30.     The proposed Noble Class is so numerous that joinder of the Noble Class members is impracticable. On information and belief, there are more than five hundred members of the Noble Class.

31.     There are questions of law and fact which are common to the claims of the Noble Class, including, but not limited to:

> a. Whether Noble consistently deducted unloading costs, gathering costs, other costs, and tariff charges from the market price of the oil in its calculation of royalties paid to Plaintiffs Mike Boulter, Boulter LLC and the Noble Class;

     b.   Whether Noble's deduction of unloading costs, gathering costs, other costs, and tariff charges in its calculation of royalties paid to the Noble Class members was in breach of its obligations to Plaintiffs Mike Boulter, Boulter LLC and the Noble Class under the Noble Class Leases and overriding royalty agreements at issue;

     c.   Whether Plaintiffs Mike Boulter, Boulter LLC and the Noble Class are entitled to recover applicable prejudgment interest, from the date of each alleged royalty underpayment through the date that such alleged royalty underpayments are reimbursed to Plaintiffs Mike Boulter, Boulter LLC and the Noble Class; and

     d.   Whether Plaintiffs Mike Boulter, Boulter LLC and the Noble Class are entitled to a declaratory judgment determining that Noble is not permitted to deduct the disputed costs at issue in its calculation of future royalties paid to Plaintiffs Mike Boulter, Boulter LLC and the Noble Class.

32.    Plaintiffs Mike Boulter's and Boulter LLC's claims are typical of the claims of the other members of the Noble Class.

33.    Plaintiffs Mike Boulter and Boulter LLC will fairly and adequately protect the interests of the Noble Class which they propose to represent. Plaintiffs Mike Boulter's and Boulter LLC's interests are in accordance with, and not antagonistic to, the interests of the other members of the Noble Class which they seek to represent.

34.    Plaintiffs Mike Boulter and Boulter LLC are represented by counsel competent and experienced in the prosecution of royalty underpayment class action litigation.

35.    The questions of law or fact common to the members of the Noble Class predominate over any questions affecting only individual Noble Class members.

36.    A class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

### FIRST CLAIM FOR RELIEF – BREACH OF CONTRACT
**(Against Noble on Behalf of the Noble Class)**

37.    The allegations contained in Paragraphs 1 through 36 of this class complaint, inclusive, are restated and incorporated by reference herein.

38.     Noble has breached its obligations to Plaintiffs Mike Boulter and Boulter LLC and the members of the Noble Class under the leases and overriding royalty agreements at issue, in the manner described above.

39.     Plaintiffs Mike Boulter, Boulter LLC and the members of the Noble class have sustained substantial damages as a direct result of Noble's breaches of its royalty payment obligations to Plaintiffs Mike Boulter, Boulter LLC and the Noble Class on the sale of oil under the leases and overriding royalty agreements at issue. As a direct and proximate result of Noble's conduct, Plaintiffs Mike Boulter, Boulter LLC and the Noble Class have been damaged in an amount to be determined according to proof.

40.     Plaintiffs Mike Boulter, Boulter LLC and the members of the Noble Class are entitled to recover prejudgment interest on all amounts due and owing to them by Noble.

### SECOND CLAIM FOR RELIEF – DECLARATORY JUDGMENT
### (Against Noble on behalf of the Noble Class)

41.     The allegations contained in Paragraphs 1 through 40 of this class complaint, inclusive, are restated and incorporated by reference herein.

42.     A controversy exists between Plaintiffs Mike Boulter, Boulter LLC and the Noble Class, and Noble, respectively, regarding the correct method for Noble's calculation and payment of future royalties on oil sales under the leases and overriding royalty agreements at issue.

43.     Plaintiffs Mike Boulter and Boulter LLC request that the Court enter a declaratory judgment determining that Noble is required to pay future royalties to Plaintiffs Mike Boulter, Boulter LLC and the Noble Class under the leases and overriding royalty agreements at issue, without taking the deductions referenced in Paragraph 22 of this class action complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Mike Boulter and Boulter LLC, on behalf of the Noble Class, pray for the following relief:

44.     An Order that the claims asserted against Noble by Plaintiffs Mike Boulter and Boulter LLC, on behalf of the Noble Class, should be certified as a class action pursuant to Fed. R. Civ. P. 23(b)(3); that Plaintiffs Mike Boulter and Boulter LLC be appointed as the class representatives for the Noble Class; and that Plaintiffs' attorneys be appointed as Class Counsel for the Noble Class;

45.     A judgment in favor of Plaintiffs Mike Boulter, Boulter LLC and the Noble Class on their claims for Defendants' breaches of the leases and overriding royalty agreements at issue, for the full amount of royalty underpayments, plus applicable prejudgment interest, at the Colorado statutory rate of eight percent per annum, compounded annually, pursuant to C.R.S. § 5-12-102(1)(b);

46.     A declaratory judgment determining the appropriate method for Noble's calculation of future royalties to Plaintiffs Mike Boulter and Boulter LLC and the Noble Class on oil sales under the leases and overriding royalty agreements at issue, in accordance with the relief prayed for by Plaintiffs in Paragraph 43 of this class action complaint;

47.     An award of court costs; and

48.     For such further relief as the Court deems just.

### KERR-MCGEE SUBCLASS I FACTUAL ALLEGATIONS

49.     On July 1, 1970, Strong & Herren Farms, Inc., as lessor, entered into two oil and gas leases with Energy Minerals Corporation, as lessee, pertaining to leased premises located in Weld County, Colorado ("July 1, 1970 Leases").

50.     Prior to January 1, 2014, the lessor's interests under the July 1, 1970 Leases were assigned to Plaintiff Ralph Nix Produce, Inc. Prior to April 1, 2014, the lessee's interests under the July 1, 1970 Leases were acquired by Kerr-McGee.

51.     Each of the two July 1, 1970 Leases has an identical oil royalty provision under which Kerr-McGee has been obligated as follows:

> To deliver to the credit of lessor, free of cost, in the pipe line to which lessee may connect his wells, the equal one eighth (1/8th) part of all oil produced and saved from the leased premises.

52.     On June 18, 1980, William Boulter, as lessor, entered into two oil and gas leases with Martin Exploration Management Corp., as lessee, pertaining to leased premises located in Weld County, Colorado ("June 18, 1980 Leases").

53.     Prior to January 1, 2014, the lessor's interests under the two June 18, 1980 Leases were assigned to Plaintiff Mike Boulter. Prior to April 1, 2014, the lessee's interests under the two June 18, 1980 Leases were acquired by Kerr-McGee.

54.     Each of the two June 18, 1980 Leases has an identical oil royalty provision, under which Kerr-McGee is obligated as follows:

> To deliver to the credit of the lessor, free of cost, in the pipe line to which Lessee may connect wells on said land the equal one-eighth (1/8) part of all oil produced and saved from the leased premises.

55.     Since April 1, 2014, Kerr-McGee, in its calculation of royalties paid to Plaintiffs Ralph Nix Produce, Inc. and Mike Boulter on oil sales subject to the July 1, 1970 Leases and the June 18, 1980 Leases, has consistently deducted from the sales price of the oil, various costs related to transporting the oil from the well to a transportation pipeline and various self-described "other costs" related to transporting the oil to a delivery point where the oil has been sold to third parties for a sales price.

56.     The costs which Kerr-McGee improperly deducted from the selling price – which is equivalent to the market price – of the oil include, but are not limited to, costs which Kerr-McGee itself describes as gathering, transportation, and other deductions.

57.     Kerr-McGee's deduction of the above-referenced costs in its calculation and payment of royalties paid to Plaintiffs Ralph Nix Produce, Inc. and Mike Boulter on oil sales is not permitted under the Kerr-McGee Subclass I oil royalty provision referenced in the preceding paragraphs of this class action complaint, and Kerr-McGee has materially breached its contractual obligations to Plaintiffs Ralph Nix Produce, Inc., Mike Boulter and Kerr-McGee Subclass I under the above-referenced leases by taking such deductions.

58.     Plaintiffs Ralph Nix Produce, Inc. and Mike Boulter have sustained substantial damages as a result of Kerr-McGee's breaches of its contractual obligations to Plaintiffs Ralph Nix Produce, Inc. and Mike Boulter under the leases.

59.     In addition to Plaintiffs Ralph Nix Produce Inc. and Mike Boulter, there are numerous members of Kerr-McGee Subclass I who have had the contractual right to be paid royalties under Leases or overriding royalty agreements which contain or are subject to an oil royalty provision which is substantially identical to the Kerr-McGee Subclass I oil royalty provision set forth in the Kerr-McGee Subclass I Class Definitions in Paragraph 6 of this class action complaint.

60.     Kerr-McGee, in its calculation and payment of royalties on oil sales to the members of Kerr-McGee Subclass I, has engaged in the same method of royalty accounting which it utilizes to pay royalties to Plaintiffs Ralph Nix Produce, Inc. and Mike Boulter, in that Kerr-McGee has deducted from the sales price of the oil the various costs referenced in Paragraph 55 of this class action complaint.

61.     Kerr-McGee, in deducting the above-referenced costs in its calculation of royalties paid to the members of Kerr-McGee Subclass I on oil sales, has materially breached its contractual obligations to the members of Kerr-McGee Subclass I under the leases and overriding royalty agreements described in the Kerr-McGee Subclass I definition in Paragraph 6 of this class action complaint.

62.     As a direct result of Kerr-McGee's breach of its contractual obligations to the members of Kerr-McGee Subclass I, the royalties owed to the members of Kerr-McGee Subclass I have been substantially underpaid, and the Kerr-McGee Subclass I members have sustained substantial damages.

**KERR-MCGEE SUBCLASS I CLASS ACTION ALLEGATIONS**

63.     The proposed Kerr-McGee Subclass I is so numerous that joinder of the Kerr-McGee Subclass I members is impracticable. On information and belief, there are more than five hundred members of the Kerr-McGee Subclass I.

64.     There are questions of law and fact which are common to the claims of the Kerr-McGee Subclass I, including, but not limited to:

   a.   Whether  Kerr-McGee consistently deducted gathering, transportation, and other costs from the sales price of the oil in its calculation of royalties paid to Plaintiffs Ralph Nix Produce, Inc. and Mike Boulter and Kerr-McGee Subclass I;

   b.   Whether Kerr-McGee's deduction of gathering, transportation, and other costs in its calculation of royalties paid to Kerr-McGee Subclass I members was in breach of its obligations to Plaintiff Ralph Nix Produce, Inc. and Mike Boulter and Kerr-McGee Subclass I under the Kerr-McGee Subclass I Leases and overriding royalty agreements at issue;

   c.   Whether Plaintiffs Ralph Nix Produce, Inc. and Mike Boulter and Kerr-McGee Subclass I are entitled to recover applicable prejudgment interest, from the date of each alleged royalty underpayment through the date that such alleged royalty underpayments are reimbursed to Plaintiffs Ralph Nix Produce, Inc. and Mike Boulter and Kerr-McGee Subclass I; and

      d.   Whether Plaintiffs Ralph Nix Produce, Inc. and Mike Boulter and Kerr-McGee Subclass I are entitled to a declaratory judgment determining that Kerr-McGee is not permitted to deduct the disputed costs at issue in its calculation of future royalties paid to Plaintiffs Ralph Nix Produce, Inc. and Mike Boulter and Kerr-McGee Subclass I.

65.    Plaintiffs Ralph Nix Produce, Inc.'s and Mike Boulter's claims are typical of the claims of the other members of Kerr-McGee Subclass I.

66.    Plaintiffs Ralph Nix Produce, Inc. and Mike Boulter will fairly and adequately protect the interests of Kerr-McGee Subclass I which they propose to represent. Plaintiffs Ralph Nix Produce, Inc.'s and Mike Boulter's interests are in accordance with, and not antagonistic to, the interests of the other members of the Kerr-McGee Subclass I which they seek to represent.

67.    Plaintiffs Ralph Nix Produce, Inc. and Mike Boulter are represented by counsel competent and experienced in the prosecution of royalty underpayment class action litigation.

68.    The questions of law or fact common to the members of Kerr-McGee Subclass I predominate over any questions affecting only individual Kerr-McGee Subclass I members.

69.    A class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

### FIRST CLAIM FOR RELIEF – BREACH OF CONTRACT
**(Against Kerr-McGee on behalf of Kerr-McGee Subclass I)**

70.    The allegations contained in Paragraphs 1 through 69 of this class complaint, inclusive, are restated and incorporated by reference herein.

71.    Kerr-McGee has breached its obligations to Plaintiffs Ralph Nix Produce, Inc., Mike Boulter and the members of Kerr-McGee Subclass I under the leases and overriding royalty agreements at issue, in the manner described above.

72.    Plaintiffs Ralph Nix Produce, Inc., Mike Boulter and the members of Kerr-McGee Subclass I have sustained substantial damages as a direct result of Kerr-McGee's breaches of its

royalty payment obligations to Plaintiffs Ralph Nix Produce, Inc., Mike Boulter and Kerr-McGee Subclass I on the sale of oil under the leases and overriding royalty agreements at issue. As a direct and proximate result of Kerr-McGee's conduct, Plaintiffs Ralph Nix Produce, Inc., Mike Boulter and Kerr-McGee Subclass I have been damaged in an amount to be determined according to proof.

73.     Plaintiffs Ralph Nix Produce, Inc., Mike Boulter and the members of Kerr-McGee Subclass I are entitled to recover prejudgment interest on all amounts due and owing to them by Kerr-McGee.

### SECOND CLAIM FOR RELIEF – DECLARATORY JUDGMENT
#### (Against Kerr-McGee on behalf of Kerr-McGee Subclass I)

74.     The allegations contained in Paragraphs 1 through 73 of this class complaint, inclusive, are restated and incorporated by reference herein.

75.     A controversy exists between Plaintiffs Ralph Nix Produce, Inc., Mike Boulter and Kerr-McGee Subclass I, and Kerr-McGee, regarding the correct method for Kerr-McGee's calculation and payment of future royalties on oil sales under the leases and overriding royalty agreements at issue.

76.     Plaintiffs Ralph Nix Produce, Inc. and Mike Boulter request that the Court enter a declaratory judgment determining that Kerr-McGee is required to pay future royalties to Plaintiffs Ralph Nix Produce, Inc., Mike Boulter and to the Kerr-McGee Subclass I under the leases and overriding royalty agreements at issue, without taking the deductions referenced in this class action complaint.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Ralph Nix Produce, Inc. and Mike Boulter, on behalf of Kerr-McGee Subclass I, pray for the following relief:

77.     An Order that the claims asserted by Plaintiffs Ralph Nix Produce, Inc. and Mike Boulter, on behalf of Kerr-McGee Subclass I, should be certified as a class action pursuant to Fed. R. Civ. P. 23(b)(3); that Plaintiffs Ralph Nix Produce, Inc. and Mike Boulter be appointed as the class representatives for Kerr-McGee Subclass I; and that Plaintiffs' attorneys be appointed as Class Counsel for Kerr-McGee Subclass I;

78.     A judgment in favor of Plaintiffs Ralph Nix Produce, Inc., Mike Boulter and Kerr-McGee Subclass I on their claims against Kerr-McGee for breaches of the leases and overriding royalty agreements at issue, for the full amount of royalty underpayments, plus applicable prejudgment interest, at the Colorado statutory rate of eight percent per annum, compounded annually, pursuant to C.R.S. § 5-12-102(1)(b);

79.     A declaratory judgment determining the appropriate method for Kerr-McGee's calculation of future royalties to Plaintiffs Ralph Nix Produce, Inc., Mike Boulter and Kerr-McGee Subclass I on oil sales under the leases and overriding royalty agreements at issue, in accordance with the relief prayed for by Plaintiffs in Paragraph 76 of this class action complaint;

80.     An award of court costs; and

81.     For such further relief as the Court deems just.

### KERR-MCGEE SUBCLASS II FACTUAL ALLEGATIONS

82.     On February 5, 1970, James and Winona Barclay, as lessors, entered into an oil and gas lease with D. Kirk Tracy, as lessee, pertaining to leased premises located in Weld County, Colorado ("the February 5, 1970 Lease").

83.     Prior to April 1, 2014, the lessors' interests under the February 5, 1970 Lease were assigned to Plaintiff Barclay Farms LLC. Prior to April 1, 2014, the lessee's interests under the February 5, 1970 Lease were acquired by Kerr-McGee.

84.     At some point after April 1, 2014, the lessee's interests under the February 5, 1970 Lease were acquired by Kerr-McGee.

85.     The February 5, 1970 Lease has an oil royalty provision under which Defendant Kerr-McGee is obligated as follows:

> The lessee shall deliver to lessor as royalty, free of cost, on the lease, or into the pipe line to which lessee may connect its wells the equal one-eighth part of all oil produced and saved from the leased premises, or at the lessee's option may pay to the lessor for such one-eighth royalty the market price for oil of like grade and gravity prevailing on the day such oil is run into the pipe line or into storage tanks.

86.     Since April 1, 2014, Kerr-McGee, in its calculation of royalties paid to Plaintiff Barclay Farms, LLC on oil sales subject to the February 5, 1970 Lease, has consistently deducted from the market price of the oil, various costs related to transporting the oil from the well to a transportation pipeline and various self-described "other costs" related to transporting the oil to a delivery point where the oil has been sold to third parties for a market price.

87.     The costs which Kerr-McGee improperly deducted from the market price of the oil include, but are not limited to, costs which Kerr-McGee itself describes as gathering, transportation, and other deductions.

88.     Kerr-McGee's deduction of the above-referenced costs in its calculation and payment of royalties paid to Plaintiff Barclay Farms, LLC on oil sales is not permitted under the Kerr-McGee Subclass II oil royalty provision referenced in the preceding paragraphs of this class action complaint, and Kerr-McGee has materially breached its contractual obligations to Plaintiff Barclay Farms, LLC under the above-referenced February 5, 1970 Lease by taking such deductions in its calculation and payment of royalties to Plaintiff Barclay Farms, LLC.

89.     Plaintiff Barclay Farms, LLC has sustained substantial damages as a result of Kerr-McGee's breaches of its contractual obligations to Plaintiff Barclay Farms, LLC under the February 5, 1970 Lease.

90.     In addition to Plaintiff Barclay Farms, LLC, there are numerous members of the proposed Kerr-McGee Subclass II who have had the contractual right to be paid royalties under Leases or overriding royalty agreements which contain or are subject to an oil royalty provision which is substantially identical to the Kerr-McGee Subclass II oil royalty provision set forth in the Kerr-McGee Subclass II Class Definition in Paragraph 7 of this class action complaint.

91.     Kerr-McGee, in its calculation and payment of royalties on oil sales to the members of Kerr-McGee Subclass II, has engaged in the same method of royalty accounting which it utilizes to pay royalties to Plaintiff Barclay Farms, LLC, in that Kerr-McGee has deducted from the sales price of the oil the various costs referenced in the preceding paragraphs of this class action complaint.

92.     Kerr-McGee, in deducting the above-referenced costs in its calculation of royalties paid to the members of Kerr-McGee Subclass II on oil sales, has materially breached its contractual obligations to the members of Kerr-McGee Subclass II under the leases and overriding royalty agreements described in the Kerr-McGee Subclass II definition in Paragraph 7 of this class action complaint.

93.     As a direct result of Kerr-McGee's breach of its contractual obligations to the members of Kerr-McGee Subclass II, the royalties owed to the members of Kerr-McGee Subclass II have been substantially underpaid, and such Kerr-McGee Subclass II members have sustained substantial damages.

## KERR-MCGEE SUBCLASS II CLASS ACTION ALLEGATIONS

94.    The proposed Kerr-McGee Subclass II is so numerous that joinder of the Kerr-McGee Subclass II members is impracticable. On information and belief, there are more than five hundred members of Kerr-McGee Subclass II.

95.    There are questions of law and fact which are common to the claims of the Kerr-McGee Subclass II, including, but not limited to:

   a.    Whether  Kerr-McGee consistently deducted gathering, transportation, and other costs from the market price of the oil in its calculation of royalties paid to Plaintiff Barclay Farms, LLC and Kerr-McGee Subclass II;

   b.    Whether Kerr-McGee's deduction of gathering, transportation, and other costs in its calculation of royalties paid to Kerr-McGee Subclass II members was in breach of its obligations to Plaintiff Barclay Farms, LLC and the Kerr-McGee Subclass II under the Kerr-McGee Subclass II Leases and overriding royalty agreements at issue;

   c.    Whether Plaintiff Barclay Farms, LLC and Kerr-McGee Subclass II are entitled to recover applicable prejudgment interest, from the date of each alleged royalty underpayment through the date that such alleged royalty underpayments are reimbursed to Plaintiff Barclay Farms, LLC and Kerr-McGee Subclass II; and

   d.    Whether Plaintiff Barclay Farms, LLC and Kerr-McGee Subclass II are entitled to a declaratory judgment determining that Kerr-McGee is not permitted to deduct the disputed costs at issue in its calculation of future royalties paid to Plaintiff Barclay Farms, LLC and Kerr-McGee Subclass II.

96.    Plaintiff Barclay Farms, LLC's claims are typical of the claims of the other members of Kerr-McGee Subclass II.

97.    Plaintiff Barclay Farms, LLC will fairly and adequately protect the interests of Kerr-McGee Subclass II which it proposes to represent. Plaintiff Barclay Farms, LLC's interests are in accordance with, and not antagonistic to, the interests of the other members of the Kerr-McGee Subclass II which it seeks to represent.

98.     Plaintiff Barclay Farms, LLC is represented by counsel competent and experienced in the prosecution of royalty underpayment class action litigation.

99.     The questions of law or fact common to the members of Kerr-McGee Subclass II predominate over any questions affecting only individual Kerr-McGee Subclass II members.

100.    A class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

**FIRST CLAIM FOR RELIEF – BREACH OF CONTRACT**
**(Against Kerr-McGee on Behalf of Kerr-McGee Subclass II)**

101.    The allegations contained in Paragraphs 1 through 100 of this class complaint, inclusive, are restated and incorporated by reference herein.

102.    Kerr-McGee has breached its obligations to Plaintiff Barclay Farms, LLC and the members of Kerr-McGee Subclass II under the leases and overriding royalty agreements at issue, in the manner described above.

103.    Plaintiff Barclay Farms, LLC and the members of Kerr-McGee Subclass II have sustained substantial damages as a direct result of Kerr-McGee's breaches of its royalty payment obligations to Plaintiff Barclay Farms, LLC and Kerr-McGee Subclass II on the sale of oil under the leases and overriding royalty agreements at issue. As a direct and proximate result of Kerr-McGee's conduct, Plaintiff Barclay Farms, LLC and Kerr-McGee Subclass II have been damaged in an amount to be determined according to proof.

104.    Plaintiff Barclay Farms, LLC and the members of Kerr-McGee Subclass II are entitled to recover prejudgment interest on all amounts due and owing to them by Kerr-McGee.

## SECOND CLAIM FOR RELIEF – DECLARATORY JUDGMENT
### (Against Kerr-McGee on Behalf of Kerr-McGee Subclass II)

105.    The allegations contained in Paragraphs 1 through 104 of this class complaint, inclusive, are restated and incorporated by reference herein.

106.    A controversy exists between Plaintiff Barclay Farms, LLC and Kerr-McGee Subclass II, and Kerr-McGee, regarding the correct method for Kerr-McGee's calculation and payment of future royalties on oil sales under the leases and overriding royalty agreements at issue.

107.    Plaintiff Barclay Farms, LLC requests that the Court enter a declaratory judgment determining that Kerr-McGee is required to pay future royalties to Plaintiff Barclay Farms, LLC and Kerr-McGee Subclass II under the leases and overriding royalty agreements at issue, without taking the deductions referenced in Paragraph 86 of this class action complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Barclay Farms, LLC, on behalf of itself and Kerr-McGee Subclass II, prays for the following relief:

108.    An Order that the claims asserted against Kerr-McGee by Plaintiff Barclay Farms, LLC, on behalf of itself and Kerr-McGee Subclass II, should be certified as a class action pursuant to Fed. R. Civ. P. 23(b)(3); that Plaintiff Barclay Farms, LLC be appointed as the class representative for Kerr-McGee Subclass II; and that Plaintiffs' attorneys be appointed as Class Counsel for Kerr-McGee Subclass II;

109.    A judgment in favor of Plaintiff Barclay Farms, LLC and Kerr-McGee Subclass II on their claims against Kerr-McGee for its breaches of the leases and overriding royalty agreements at issue, for the full amount of royalty underpayments, plus applicable prejudgment interest, at the Colorado statutory rate of eight percent per annum, compounded annually, pursuant to C.R.S. § 5-12-102(1)(b);

110.    A declaratory judgment determining the appropriate method for Kerr-McGee's calculation of future royalties to Plaintiff Barclay Farms, LLC and Kerr-McGee Subclass II on oil sales under the leases and overriding royalty agreements at issue, in accordance with the relief prayed for by Plaintiffs in Paragraphs 107 of this class action complaint;

111.    An award of court costs; and

112.    For such further relief as the Court deems just.

## DEMAND FOR JURY TRIAL

All Plaintiffs request a jury trial on all issues so triable.

Dated: May 17, 2021

By: */s/ George A. Barton*
George A. Barton Mo. Bar No. 26249
Stacy Burrows Co. Bar No. 49199
Barton and Burrows LLC
5201 Johnson Dr., Ste 110
Mission, KS 66205
(913) 563-6250
george@bartonburrows.com
stacy@bartonburrows.com

**ATTORNEYS FOR PLAINTIFFS AND THE PROPOSED CLASS AND SUBCLASSES**