**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**July 25, 2023**

**FOR THE TENTH CIRCUIT**

**Christopher M. Wolpert**
**Clerk of Court**

─────────────────────────────

MIKE BOULTER; BOULTER, LLC; RALPH NIX PRODUCE, INC.; BARCLAY FARMS, LLC, on behalf of themselves and classes of similarly situated persons,

    Plaintiffs - Appellants,

v.

NOBLE ENERGY INC.; KERR-MCGEE OIL & GAS ONSHORE, LP,

    Defendants - Appellees.

Nos. 21-1384 & 22-1170

─────────────────────────────

**Appeal from the United States District Court
for the District of Colorado
(D.C. No. 1:21-CV-01346-RM-KLM)**

─────────────────────────────

George A. Barton, Barton and Burrows, LLC, Mission, Kansas (Stacy A. Burrows, Barton and Burrows, LLC, Mission, Kansas, with him on the briefs), for Plaintiffs-Appellants.

Shannon Wells Stevenson, Davis Graham & Stubbs LLP, Denver, Colorado (Kyle M. Holter, Davis Graham & Stubbs LLP, Denver, Colorado; Ezekiel J. Williams, Carlos R. Romo, and Spencer R. Allen, Williams Weese Pepple & Ferguson PC, Denver, Colorado; and Barrett H. Reasoner, Anthony N. Kaim, and Shannon N. Smith, Gibbs & Bruns LLP, Houston, Texas, with her on the briefs), for Defendants-Appellees.

─────────────────────────────

Before **EID**, **BALDOCK**, and **CARSON**, Circuit Judges.

─────────────────────────────

**CARSON**, Circuit Judge.

_____

Under Colorado law, a change in law may offer a party a second opportunity to litigate an issue that a prior judgment otherwise precludes. But this new legal condition must arise between the preclusive judgment and any subsequent action to have effect. Otherwise, the change cannot offer the second opportunity.

Here, the timing requirement prohibits our review of one possible change in law. The Colorado Court of Appeals ("CCOA") and Colorado Supreme Court issued decisions over the course of the parties' litigation that Plaintiffs contend offer them the second opportunity. Because the Colorado Supreme Court's decision postdates any of Plaintiffs' complaints before us, we cannot review its potential change in law. We do address the CCOA's decision as it predates Plaintiff's third complaint. We conclude, however, that it did not change the law. We affirm the district court's dismissal for lack of jurisdiction.

I.

In April 2020, a putative plaintiff class of oil and gas lessors in Weld County, Colorado—Mike Boulter; Boulter, LLC; Ralph Nix Produce, Inc.; and Barclay Farms, LLC—filed their first complaint in United States District Court for the District Court of Colorado. Plaintiffs alleged that Defendants—Noble Energy, Inc. and Kerr-McGee Oil & Gas Onshore, LP—had underpaid oil royalties for certain oil and gas leases.

Defendants moved to dismiss, contending that the district court lacked subject matter jurisdiction over Plaintiffs' action because Plaintiffs failed to first exhaust

2

administrative remedies as required by Colorado's Oil and Gas Conservation Act ("Act"). Colo. Rev. Stat. § 34-60-101.

The Act grants jurisdiction to COGCC to determine "[t]he amount of the proceeds plus interest, if any, due a payee by a payer" of oil and gas sales from Colorado wells. § 34-60-118.5(5)(c). The Act excludes from COGCC's jurisdiction resolution of a "bona fide dispute over the interpretation of a contract for payment." § 34-60-118.5(5). Thus, if COGCC determines a dispute requires contract interpretation, it must then decline jurisdiction. Id. The Act also emphasizes that "[n]othing in this section shall be construed to . . . impose upon [COGCC] any duty to interpret a contract from which the obligation to pay proceeds arises." § 34-60-118.5(8)(a).

Under Colorado law, "[i]f complete, adequate, and speedy administrative remedies are available" a litigant must first exhaust their administrative remedies before suing in district court. City & Cnty. of Denver v. United Air Lines, Inc., 8 P.3d 1206, 1212 (Colo. 2000). But if the situation is "clear beyond a reasonable doubt that further administrative review by the agency would be futile because the agency will not provide the relief requested," then a party need not exhaust that avenue. Id. at 1213 (quoting State v. Golden's Concrete Co., 962 P.2d 919, 923 (Colo. 1998)). Relying primarily on Grynberg v. Colorado Oil & Gas Conservation Commission, 7 P.3d 1060 (Colo. App. 1999), Plaintiffs argued that bringing this royalty payment question before COGCC would be futile because the Colorado Court of Appeals ("CCOA") previously held that "COGCC does not have jurisdiction to

interpret any royalty agreement to determine the propriety of disputed post-production deductions." Boulter v. Noble Energy, Inc. ("Boulter I"), 521 F. Supp. 3d 1077, 1085 (D. Colo. 2021) (quoting Grynberg, 7 P.3d at 1063) (cleaned up).

Relying primarily on the Act's language, the district court in Boulter I rejected Plaintiffs' position that exhaustion of administrative remedies would be futile. The district court first distinguished Grynberg in that, unlike here where Plaintiffs desire to evade COGCC altogether, the party in Grynberg appealed COGCC's own conclusion that it lacked jurisdiction. Id. at 1085–86. The district court then interpreted the Act to provide that in disputes over the payment of oil and gas royalties, the COGCC must "determine in the first instance whether it has jurisdiction, not the Court." Boulter I, 521 F. Supp. 3d at 1086. If COGCC declines jurisdiction based upon the notion that resolution of the dispute turns on interpretation of a contract, then the party alleging underpayment of royalties may seek relief in Court. Id. Thus, the district court concluded that Plaintiffs must first exhaust their remedies with COGCC. So, the court dismissed the case without prejudice for lack of subject matter jurisdiction. Id. Plaintiffs did not appeal.

Instead, three months after the district court dismissed their case, Plaintiffs filed a nearly identical complaint on May 17, 2021. Boulter v. Noble Energy, Inc. ("Boulter II"), No. 21-CV-01346-RM-KLM, 2021 U.S. Dist. LEXIS 190611, at *1 (D. Colo. Oct. 4, 2021). On June 3, 2021, the CCOA issued an unpublished opinion which Plaintiffs contended—and still contend—changed the relevant law. See Antero Res. Corp. v. Airport Land Partners Ltd., No. 19CA1799 (Colo. Ct. App. June

4

3, 2021) (unpublished). In Antero, the CCOA again grappled with the question of whether, in an oil and gas royalty case, COGCC correctly determined that it lacked jurisdiction over the parties' contractual disputes. The Boulter II court disagreed that Antero changed the law, instead holding that CCOA reached the same decision as Grynberg—namely that "COGCC determines in the first instance whether it will decline jurisdiction because a bona fide dispute exists." Boulter II, 2021 U.S. Dist. LEXIS 190611, at *1. With this interpretation—and after concluding this complaint was a "second bite"—the district court again dismissed the case without prejudice in October 2021. Id. at *3. Plaintiffs timely appeal from the dismissal of their Boulter II Complaint.

In addition to appealing the district court's decision in Boulter II, Plaintiffs filed another, nearly identical complaint in December 2021, a "third bite." Boulter v. Noble Energy, Inc. ("Boulter III"), No. 21-CV-03500-RM-SKC, 2022 WL 1239323, at *1 (D. Colo. Apr. 27, 2022). The Boulter III court recited the Boulter I and Boulter II analysis. Id. It then dismissed this complaint without prejudice. Id. Plaintiffs again appeal. We consolidated the Boulter II and Boulter III appeals.

On March 27, 2023, after the dismissal of Boulter I, Boulter II and Boulter III, but during the pendency of Plaintiffs' appeals of Boulter II and Boulter III, the Colorado Supreme Court both affirmed the CCOA's decision in Antero and clarified the scope of COGCC's jurisdiction. See Antero Res. Corp. v. Airport Land Partners, Ltd, 526 P.3d 204 (Colo. 2023). Though we need not discuss this case further

5

because it does not affect this case's disposition, Plaintiffs contend the Colorado Supreme Court's decision changed the law.

II.

We review the grant of a motion to dismiss based on issue preclusion de novo. Campbell v. City of Spencer, 777 F.3d 1073, 1077 (10th Cir. 2012).

III.

As an initial matter, we must determine whether the district court's Boulter I decision, which Plaintiffs did not appeal, precludes Plaintiffs' Boulter II and Boulter III jurisdictional argument.

To answer that question, we must consider whether federal or state law governs the preclusive effect of a federal court's judgment when the federal court sits in diversity jurisdiction. The United States Supreme Court has held that "federal common law governs the claim-preclusive effect of a dismissal by a federal court sitting in diversity." Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 508 (2001). But the "appropriate federal rule" instructs a federal court to adopt "the law that would be applied by state courts in the State in which the federal diversity court sits" if no conflict with federal interests exists. Id. After the Semtek decision, we considered whether the federal common law required us to follow federal or Puerto Rican preclusion law. Matosantos Com. Corp. v. Applebee's Int'l, Inc., 245 F.3d 1203, 1210–11 (10th Cir. 2001). But we declined to decide which law applied because the two produced the same result. Id. at 1211-12.

6

Here too we have no reason to believe federal or Colorado preclusion law would produce different outcomes. Both federal and Colorado law define issue preclusion similarly. See Park Lake Res. Ltd. Liab. Co. v. U.S. Dep't of Agric., 378 F.3d 1132, 1136 (10th Cir. 2004) ("[I]ssue preclusion bars a party from relitigating an issue once it has suffered an adverse determination on the issue."); Pomeroy v. Waitkus, 517 P.2d 396, 399 (Colo. 1973) ("the final decision of a court on an issue actually litigated and determined is conclusive of that issue in any subsequent suit.") (citing Hudson v. W. Oil Fields, Inc., 374 P.2d 403, 404 (Colo. 1962)). And most importantly, the issue preclusion jurisprudence for each share the same four elements. See Dodge v. Cotter Corp., 203 F.3d 1190, 1198 (10th Cir. 2000) (citing Murdock v. Ute Indian Tribe of Uintah & Ouray Rsrv., 975 F.2d 683, 687 (10th Cir. 1992)); Nat. Energy Res. Co. v. Upper Gunnison River Water Conservancy Dist., 142 P.3d 1265, 1280 (Colo. 2006) (citing McNichols v. Elk Dance Colo., LLC, 139 P.3d 660, 667 (Colo. 2006)). Issue preclusion applies if the issue is

> (1) [] identical to an issue actually litigated and necessarily adjudicated in the prior proceeding; (2) The party against whom estoppel was sought was a party to or was in privity with a party to the prior proceeding; (3) There was a final judgment on the merits in the prior proceeding; and (4) The party against whom the doctrine is asserted had a full and fair opportunity to litigate the issues in the prior proceeding.

Upper Gunnison River, 142 P.3d at 1280.

So—just as we decided in Matosantos—we decline to answer whether federal common law dictates the application of Colorado or federal preclusion law because the outcome under either is the same. This decision makes sense especially in this

situation where neither party presented arguments on this question.  While we "*may* consider an issue antecedent to and ultimately dispositive of the dispute before us, even an issue the parties fail to identify and brief," we forgo the opportunity to do so here.  Banner Bank v. Smith, 30 F.4th 1232, 1238–39 (10th Cir. 2022) (quoting U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am., Inc., 508 U.S. 439, 447 (1993) (cleaned up, emphasis added)).

    We must now apply the elements of issue preclusion to the facts here.  We conclude that, unless an exception applies, Boulter I's decision precludes Plaintiffs' Boulter II and Boulter III jurisdictional arguments.  The Boulter I court made a final determination on jurisdiction, which Plaintiffs did not appeal.  Although the district court never reached the merits, dismissals for lack of jurisdiction preclude future relitigation of that jurisdictional question.  See Park Lake, 378 F.3d at 1136 (quoting Matosantos Com. Corp. v. Applebee's Int'l Inc., 245 F.3d 1203, 1209 (10th Cir. 2001)); In re Water Rts. of Elk Dance Colo., LLC, 139 P.3d 660, 670 (Colo. 2006).  Plaintiffs here are the same as in Boulter I and had a full and fair opportunity to litigate the exhaustion issue in Boulter I.  Thus, unless an exception applies, issue preclusion bars Plaintiffs from relitigating the exhaustion issue.

IV.

    Both Colorado courts and federal courts have recognized an issue preclusion exception when "the issue is one of law and a new determination is warranted in order to take account of an intervening change in the applicable legal context or otherwise avoid inequitable administration of the laws."  Cent. Bank Denver, N.A. v.

Mehaffy, Rider, Windholz & Wilson, 940 P.2d 1097, 1103 (Colo. App. 1997) (quoting Restatement (Second) of Judgments § 28(2) cmt. c (1982)); see Herrera v. Wyoming, 139 S. Ct. 1686, 1697 (2019) ("an exception [to issue preclusion] may be warranted if there has been an intervening change in the applicable legal context.") (quoting Bobby v. Bies, 556 U.S. 825, 834 (2009) (internal quotations omitted)).

A.

But before approaching the change-in-law question, we must still consider the complaints' timing in Boulter II and III.  In a previous opinion, we stated that "res judicata and collateral estoppel are inapplicable where, *between the first and second suits*, an intervening change in the law or modification of significant facts create new legal conditions."[1]  Spradling, 198 F.3d at 1223 (emphasis added).  The Fifth Circuit has likewise recognized that "res judicata is no defense where, *between the first and second suits*, there has been an intervening change in the law or modification of significant facts creating new legal conditions."  Jackson v. DeSoto Par. Sch. Bd., 585 F.2d 726 (5th Cir. 1978) (citing Comm'r v. Sunnen, 333 U.S. 591, 598 (1948)) (emphasis added)).

And while we have located no Colorado case law on this point, our task in diversity cases is to discern what decision the Colorado Supreme Court would make if presented with this issue.  See Reeves v. Enter. Prod. Partners, LP, 17 F.4th 1008,

---

[1] Issue preclusion and collateral estoppel are interchangeable terms in many of our reported decisions.  See Stan Lee Media, Inc. v. Walt Disney Co., 774 F.3d 1292, 1297 (10th Cir. 2014).

9

1012 (10th Cir. 2021) (quoting Wade v. EMCASCO Ins. Co., 483 F.3d 657, 666 (10th Cir. 2007)).  To do so, we look to, among other considerations, "the 'general weight and trend of authority' in the relevant area of law." Id. (quoting Wade, 483 F.3d at 666).  And the general weight and trend of authority—based on Spradling and Jackson—advises that Colorado and federal preclusion law command the same timing rule.  Under either law, we conclude that for the issue preclusion change-in-law exception to apply, the relevant change in law must occur between the preclusive judgment and any subsequent action.[2]  Spradling, 198 F.3d at 1223.

Recall, Plaintiffs did not appeal Boulter I.  So, the district court's dismissal in that case is entitled to preclusive effect unless the Colorado Court of Appeals issued its decision (which Plaintiffs claim changed the law) before Plaintiffs filed Boulter II.  But the CCOA released the opinion two weeks after the Plaintiffs filed their complaint in Boulter II.  So, even if the CCOA's Antero decision did change Colorado law, the district court could not rely on the change due to the preclusive effect of the judgment in Boulter I.  Thus, the Boulter II court did not err in dismissing the second complaint for a lack of jurisdiction.[3]

---

[2] To hold otherwise would reward the refiling of already-adjudicated actions and undermine the goals of finality that underlie the preclusion doctrines.

[3] The Colorado Supreme Court did not publish its Antero decision until March 27, 2023, far past the time Plaintiffs filed their third complaint in the district court.  Thus, we do not consider the Colorado Supreme Court's decision here.

B.

Boulter III postdates the CCOA's Antero decision. Because the CCOA's decision in Antero occurred *between* Boulter I's preclusive judgment and the Boulter III filing, we may address Plaintiffs' change-in-law argument in the Boulter III appeal. In other words, we address whether the Antero decision discharged the need for COGCC to first determine that it lacks jurisdiction before a court may address the royalty agreement issue.

Because the CCOA did not publish its Antero decision, we must first determine whether an unpublished CCOA decision can effect a change in Colorado law. We can answer this question with little hesitancy. The Colorado Supreme Court "has made it [] clear that unpublished opinions 'have no value as precedent.'" Patterson v. James, 454 P.3d 345, 353 (Colo. App. 2018) (quoting Welby Gardens v. Adams Cty. Bd. of Equalization, 71 P.3d 992, 999 (Colo. 2003)). And to shore up any remaining doubt about the Antero decision's precedential value, we turn to the CCOA's considerations for whether to publish an opinion. The CCOA considers whether "the opinion establishes a new rule of law, or alters or modifies an existing rule," and whether "the opinion involves a legal issue of continuing public interest." Colo. R. App. P. 35(e)(1)-(2). The Colorado Appellate rules suggest that if the CCOA plans to alter, modify, or change an existing rule of law, it will do so in a published decision. The CCOA's decision not to publish Antero suggests it did not intend to alter, modify, or change the law and that it did not intend for the decision to

be binding authority. Accordingly, we conclude CCOA did not intend to change the law in Antero.

Even if we overlook the non-binding nature of the CCOA's decision in Antero, we cannot see how it changed Colorado law. In its decision, the CCOA did not define the limits of COGCC's jurisdictional reach. Rather, it merely decided whether COGCC correctly concluded it lacked jurisdiction under the case's facts. Antero, 2021 WL 2365973, at *1. The CCOA focused on the "strikingly similar" facts in Grynberg to "conclude that the [COGCC] reasonably interpreted section 34-60-118.5 . . . ." Antero, 19CA1799, at *11. In doing so, the CCOA deferred to COGCC's interpretation of contract terms such as "fees" and "costs." Id. at *16. This fact-based inquiry does not, alone, demonstrate a change in law.

Ultimately, the CCOA decided not to publish Antero. And the CCOA did not offer an interpretation of COGCC's jurisdiction to move us beyond that case's facts. Thus, the CCOA's Antero decision did not change the law. Without the change in law, Boulter I precludes Plaintiffs from relitigating exhaustion and futility in Boulter II and III. Because Plaintiffs have not exhausted their administrative remedies with COGCC, the district court lacks subject matter jurisdiction over both Boulter II and III.

### V.

We must also address one other motion. Defendants ask us to dismiss this appeal for lack of appellate jurisdiction because Plaintiffs neglected to timely file (it

never filed) the Boulter I appeal. They contend this appellate filing rule applies to the Boulter II and III suits as they are effectively Boulter I appeals.

Federal Rule of Appellant Procedure 27 permits a party to file "a motion to dismiss the entire case for lack of appellate jurisdiction . . . ." And Federal Rule of Appellate Procedure 4(a)(1)(A) creates a "mandatory and jurisdictional" deadline which requires a party to appeal within 30 days of entry of judgment. See Bowles v. Russell, 551 U.S. 205, 209 (2007) (quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982)). Taking Rules 4 and 27 together, a motion to dismiss may be appropriate for untimely appeals.

But this case demanded something different. True, the deadline to file the Boulter I appeal passed years ago. Yet the potential change in law created a question which required us to rule—on different jurisdictional grounds—that the district court correctly dismissed Boulter II and III.

We AFFIRM the district court's dismissal for lack of subject matter jurisdiction.

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157
Clerk@ca10.uscourts.gov

| Christopher M. Wolpert | | Jane K. Castro |
| --- | --- | --- |
| Clerk of Court | | Chief Deputy Clerk |

July 25, 2023

Mr. George Barton
Ms. Stacy Ann Burrows
Barton and Burrows
5201 Johnson Drive, Suite 110
Mission, KS 66205

**RE:** 21-1384, 22-1170, Boulter, et al v. Noble Energy, et al
Dist/Ag docket: 1:21-CV-01346-RM-KLM

Dear Counsel:

Enclosed is a copy of the opinion of the court issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Pursuant to Fed. R. App. P. 40(a)(1), any petition for rehearing must be filed within 14 days after entry of judgment. Please note, however, that if the appeal is a civil case in which the United States or its officer or agency is a party, any petition for rehearing must be filed within 45 days after entry of judgment. Parties should consult both the Federal Rules and local rules of this court with regard to applicable standards and requirements. In particular, petitions for rehearing may not exceed 3900 words or 15 pages in length, and no answer is permitted unless the court enters an order requiring a response. *See* Fed. R. App. P. Rules 35 and 40, and 10th Cir. R. 35 and 40 for further information governing petitions for rehearing.

Please contact this office if you have questions.

Sincerely,

Christopher M. Wolpert
Clerk of Court

cc: James Robert Henderson
Anthony N. Kaim

      Jonathan William Rauchway
      Barrett Reasoner
      Carlos Romo
      Shannon Nicole Smith
      Ezekiel J. Williams


CMW/sds